1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY PEREZ HERNANDEZ,

11          Plaintiff,                      No. CIV S 07-0252 GEB EFB P

12      vs.

13   JEANNE WOODFORD,

14          Defendants.            ORDER

15   _____/

16        Plaintiff is a state prisoner without counsel prosecuting a civil rights action. *See* 42

17   U.S.C. § 1983.  He seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a).  This

18   proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

19        Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

20        Plaintiff must pay the $350 filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial

21   partial payment of $1.20 is assessed pursuant to section 1915(b)(1).  Plaintiff must make

22   monthly payments of 20 percent of the preceding month's income credited to his trust account.

23   *See* 28 U.S.C. § 1915(b)(2).  The agency having custody of plaintiff shall forward payments

24   from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds

25   $10 until the filing fee is paid.

26   ////

1     The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A

2  screening, finds that it states a cognizable claim against defendants J. Lebeck and Anthony

3  Malfi. *See* 28 U.S.C. § 1915A.

4     The complaint does not state a cognizable claim against defendant Jeanne Woodford.

5     Plaintiff may proceed forthwith to serve defendants J. Lebeck and Anthony Malfi and

6  pursue his claims against only those defendants, or he may delay serving any defendant and

7  attempt to state a cognizable claim against defendant Jeanne Woodford.

8     If plaintiff elects to attempt to amend his complaint to state a cognizable claim against

9  defendant Jeanne Woodford, he has 30 days so to do.  He is not obligated to amend his

10 complaint.

11    If plaintiff elects to proceed forthwith against defendants J. Lebeck and Anthony Malfi,

12 against whom he has stated a cognizable claim, he must within 20 days return materials for

13 service of process enclosed herewith.  In this event the court will construe plaintiff's election as

14 consent to dismissal of all claims against defendant Jeanne Woodford without prejudice.

15    Any amended complaint must show the federal court has jurisdiction, the action is

16 brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true.  It

17 must contain a request for particular relief.  Plaintiff must identify as a defendant only persons

18 who personally participated in a substantial way in depriving plaintiff of a federal constitutional

19 right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the

20 deprivation of a constitutional right if he does an act, participates in another's act or omits to

21 perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff

22 contends he was the victim of a conspiracy, he must identify the participants and allege their

23 agreement to deprive him of a specific federal constitutional right.

24    In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

25 R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.

26 Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

1    occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

2    The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d

3    1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

4    heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

5    84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

6    Plaintiff's claims must be set forth in short and plain terms, simply, concisely and

7    directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting

8    point of a simplified pleading system, which was adopted to focus litigation on the merits of a

9    claim."); Fed. R. Civ. P. 8.

10   Plaintiff must eliminate from his pleading all preambles, introductions, argument,

11   speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible

12   defenses, summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996)

13   (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El*

14   *v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of

15   Civil Procedure is fully warranted" in prisoner cases).  To state a claim against a supervisor who

16   did not personally inflict the injury alleged, plaintiff must allege the supervisor (1) caused others

17   to act, or knowingly refused to stop them from acting, knowing or having reasonable cause to

18   know they would inflict injury; (2) approved such conduct and injury after the fact; or (3) so

19   failed to train or control subordinates to avoid such injury as to demonstrate reckless or callous

20   indifference to constitutional injury.  *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th

21   Cir. 1991) (en banc);  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Hansen v. Black*, 885

22   F.2d 642, 646 (9th Cir.1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978); *see also*,

23   *Jones v. Williams*, 297 F.3d 930, 937 & fn. 4 (9th Cir. 2002).  Plaintiff alleges that defendant

24   Woodford failed to properly supervise her subordinates and that she should have been aware that

25   defendants J. Lebeck and Anthony Malfi presented a risk of harm to prisoners at California State

26   Prison, Sacramento.  This is insufficient to state a claim.

1    The court (and defendant) should be able to read and understand plaintiff's pleading

2  within minutes. *McHenry*, 84 F.3d at 1179-80 A long, rambling pleading including many

3  defendants with unexplained, tenuous or implausible connection to the alleged constitutional

4  injury, or joining a series of unrelated claims against many defendants, very likely will result in

5  delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action

6  pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

7    If plaintiff's pleading is deficient on account of an omission or technical defect, the court

8  will not dismiss it without first identifying the problem and giving plaintiff an opportunity to

9  cure it. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). Plaintiff's pleading will be

10  construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff

11  violates the federal rules, once explained, or the court's plain orders.

12    An amended complaint must be complete in itself without reference to any prior

13  pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff

14  files an amended complaint, the original pleading is superseded.

15    By signing a second amended complaint plaintif certifies he has made reasonable inquiry

16  and has evidentiary support for his allegations and that for violation of this rule the court may

17  impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

18    A prisoner may bring no § 1983 action until he has exhausted such administrative

19  remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth*

20  *v. Churner*, 532 U.S. 731, 741 (2001). A California prisoner or parolee may appeal "any

21  departmental decision, action, condition, or policy which they can demonstrate as having an

22  adverse effect upon their welfare." *Cal. Code Regs.,* tit.15, § 3084.1, et seq.  An appeal must be

23  presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and

24  "action requested." Therefore, this court ordinarily will review only claims against prison

25  officials within the scope of the problem reported in a CDC form 602 or an interview or claims

26  that were or should have been uncovered in the review promised by the department. Plaintiff is

1    further admonished that by signing an amended complaint he certifies his claims are warranted

2    by existing law, including the law that he exhaust administrative remedies, and that for violation

3    of this rule plaintiff risks dismissal of his entire action, including his claims against defendants J.

4    Lebeck and Anthony Malfi.

5              Accordingly, the court hereby orders that:

6              1.  Plaintiff's request to proceed *in forma pauperis* is granted.

7              2.  Plaintiff is must pay the statutory filing fee of $350 for this action and make an initial

8    payment of $1.20  All payments shall be collected and paid in accordance with the notice to the

9    Director of the California Department of Corrections and Rehabilitation filed concurrently

10   herewith.

11             3.  Claims against defendants Jeanne Woodford are dismissed with leave to amend.

12   Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state

13   cognizable claims against these defendants.  Plaintiff is not obliged to amend his complaint.

14             4.  The allegations in the pleading are sufficient at least to state cognizable claims against

15   defendants J. Lebeck and Anthony Malfi.  *See* 28 U.S.C. § 1915A.  With this order the Clerk of

16   the Court shall provide to plaintiff a blank summons, a copy of the pleading and all attachments

17   thereto filed February 8, 2007, two USM-285 forms and instructions for service of process on

18   defendants J. Lebeck and Anthony Malfi.  Within 20 days of service of this order plaintiff may

19   return the attached Notice of Submission of Documents with the completed summons, the

20   completed USM-285 forms, and three copies of the endorsed complaint.  The court will transmit

21   them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4.

22   /////

23   /////

24   /////

25   /////

26   /////

1   Defendants J. Lebeck and Anthony Malfi will be required to respond to plaintiff's allegations

2   within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe

3   plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims

4   against defendant Jeanne Woodford without prejudice.

5   Dated:   March 12, 2007.

6

7   _____
    EDMUND F. BRENNAN

8   UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10    ANTHONY PEREZ HERNANDEZ,

11              Plaintiff,                    No. CIV S-07-0252 GEB EFB P

12         vs.

13    JEANNE WOODFORD, et al.,

14              Defendants.            NOTICE OF SUBMISSION OF DOCUMENTS

15    _____/

16         Plaintiff hereby submits the following documents in compliance with the court's order

17    filed _____:

18              __1__        completed summons form

19              __2__        completed forms USM-285

20              __3__        copies of the __February 8, 2007__
                                           Complaint

21

22    Dated:

23                                    _____
                                                   Plaintiff

24

25

26

7